UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JOAN MANCHO,<br><br>               Plaintiff,<br>v.<br><br>SELECT PORTFOLIO SERVICING, INC.,<br><br>               Defendant. | Civil No.: 1:22-cv-02025-JRR |

**<u>MEMORANDUM OPINION</u>**

This matter comes before the court on Defendant Select Portfolio Servicing, Inc.'s ("SPS") Motion for Judgment on the Pleadings. (ECF No. 6; the "Motion.") The court has reviewed all submissions on the Motion. No hearing is necessary. Local Rule 105.6 (D. Md. 2021). For the reasons that follow, the court will issue an accompanying order granting the Motion and entering judgment in favor of Defendant.

**BACKGROUND**

**I.**  **Procedural History**

On June 28, 2022, Joan Mancho filed a "Petition for a Verification of Debt" (the "Complaint") against Defendant in the Circuit Court for Howard County, Maryland. (ECF No. 7.) The Complaint requests information from Defendant concerning a Promissory Note that relates to Plaintiff's debt obligations. (*Id.*) On August 12, 2022, Defendant removed the case to this court. (ECF No. 1.) Also on August 12, 2022, Defendant filed an Answer (ECF No. 5) and the Motion (ECF No. 6.) Plaintiff did not respond to the Motion.

## II.     The Promissory Note and Assignments of Interest

On August 25, 2005, Plaintiff executed a Promissory Note (the "Note") acknowledging a debt she incurred as a result of a loan made to her by People's Choice Home Loan, Inc. ("People's Choice").  (ECF No. 5-1.)  By executing the Note, Plaintiff acknowledged: "I understand that the Lender may transfer this Note."  (*Id.*)  People's Choice prepared a Deed of Trust identifying Mortgage Electronic Registration Systems, Inc. ("MERS") as a nominee for People's Choice and as the beneficiary under the security instrument.  (ECF No. 5-3.)  The Deed of Trust expressly advises that "the Note . . . can be sold one or more time without prior notice to Borrower."  (*Id.*)  Plaintiff executed the Deed of Trust before a Notary Public on December 30, 2005.  (*Id.*)

On January 21, 2009, MERS executed an Assignment of Mortgage/Deed of Trust, assigning the mortgage to Bank of America, National Association as Successor by Merger to LaSalle Bank National Association, as Trustee for Certificateholders of Bear Stearns Asset Backed Securities I LLC, Asset Backed-Certificates, Series 2006-PC1.  (ECF No. 5-4.)  On June 7, 2012, the Deed of Trust was assigned to U.S Bank, National Association, as Trustee, Successor in Interest to Bank of America, National Association.  (ECF No. 5-5.)  Finally, on April 13, 2015, a corrective Corporate Assignment of Mortgage/Deed of Trust was prepared assigning the mortgage to U.S. Bank, National Association.  (ECF No. 5-2.)  U.S. Bank appointed JP Morgan Chase Bank, National Association as Servicer for the mortgage; JP Morgan Chase Bank subsequently appointed SPS as Sub-Servicer and Attorney-In-Fact.  (ECF No. 5-6.)

## III.    The Complaint

Plaintiff filed her Complaint on June 28, 2022, alleging that she "has reason to believe the Defendant has sold the Note under 'mortgage-backed securities instrument' to investors under a pooling of interest."  (ECF No. 7.)  Plaintiff seeks to "establish whether Defendant has standing to

bring forth remedies entitled to Defendant" and demands that SPS produce: (1) the "Original Wet Ink Signature Promissory Note" associated with the loan; (2) proof that SPS is the "Note Holder in Due Course"; and (3) an affidavit from SPS confirming its status as a creditor on the "loan/security instrument." (*Id.*)  Plaintiff contends that if Defendant cannot produce these items, "they have no standing in any future controversy;" and, in that instance, requests that the court "order the Defendant to release all claims against Plaintiff." (*Id.*)  Attached to the Complaint are two letters to Defendant (one dated April 2, 2002; the other June 28, 2022) which generally mirror Plaintiff's demands for documentation and assertions set forth in the Complaint. (ECF Nos. 1-3, 1-4.)

## LEGAL STANDARD

A party may move for judgment on the pleadings after the pleadings are closed, as long as it is made early enough so as not to delay trial. FED. R. CIV. P. 12(C).  "A motion for judgment on the pleadings under Rule 12(c) is assessed under the same standard applicable to motions to dismiss under Rule 12(b)(6)." *Green v. Sw. Credit Sys., L.P.*, 220 F. Supp. 3d 623, 624 (D. Md. 2016) (citing *Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009)).

A motion asserted under Rule 12(b)(6), and therefore one asserted under Rule 12(c), "test[s] the legal sufficiency of a complaint." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)).  It does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Id.* (quoting *Edwards*, 178 F.3d at 243).  Accordingly, a "Rule 12(b)(6) motion should only be granted if, after accepting wall well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to

relief." *Edwards*, 178 F.3d at 244 (citing *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)). The court, however, is "not required to accept as true the legal conclusions set forth in a plaintiff's complaint." *Id.* (citing *District 28, United Mine Workers of Am., Inc. v. Wellmore Coal Corp.*, 609 F.2d 1083, 1085 (4th Cir. 1979)).

Further, although "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "[A] complaint that provides no more than 'labels and conclusions,' or 'a formulaic recitation of the elements of a cause of action,' is insufficient." *Bourgeois v. Live Nation Ent., Inc.*, 3 F. Supp. 3d 423, 434 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555). "The [c]ourt must be able to deduce 'more than the mere possibility of misconduct'; the facts of the complaint, accepted as true, must demonstrate that the plaintiff is entitled to relief." *Evans v. 7520 Surratts Rd. Operations, LLC*, No. 21-cv-1637-PX, 2021 WL 5326463, at *2 (D. Md. Nov. 16, 2021) (quoting *Ruffin v. Lockheed Martin Corp.*, 126 F. Supp. 3d 521, 526 (D. Md. 2015)), *appeal dismissed*, No. 21-2395, 2022 WL 2155967 (4th Cir. Feb. 11, 2022).

## ANALYSIS

### I. Consideration of Exhibits

As an initial matter, Defendant attaches six exhibits to its Answer, which Defendant cross-references in the Motion: Exhibit A— a copy of the original Promissory Note executed by Plaintiff (ECF No. 5-1, the "Promissory Note" or "Note"); Exhibit B—Corporate Assignment of Deed of Trust (ECF No. 5-2); Exhibit C—Deed of Trust (ECF No. 5-3); Exhibit D—Assignment of Deed

of Trust (ECF No. 5-4); Exhibit E—Corporate Assignment of Deed of Trust (ECF No. 5-5); and Exhibit F—Limited Power of Attorney (ECF No. 5-6).

In ruling on a motion to dismiss pursuant to Rule 12(b)(6),[1] a court usually does not consider evidence outside of the complaint. However, a court may consider a document attached to a motion to dismiss if the document is "integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity." *Am. Chiropractic Ass'n, Inc. v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) (alteration in original) (quoting *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999)). "An integral document is a document that by its 'very existence, and *not the mere information it contains*, gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (emphasis in original) (quoting *Walker v. S.W.I.F.T. SCRL*, 517 F. Supp. 2d 801, 806 (E.D. Va. 2007)). "In addition to integral and authentic exhibits, on a 12(b)(6) motion the court 'may properly take judicial notice of matters of public record.'" *Id.* (quoting *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)).

The exhibits provided by Defendant set forth the chain of assignments, duties, and obligations of the parties with respect to the Promissory Note and Deed of Trust. Plaintiff's alleged rights at issue in this litigation are premised on the validity of the assignments of the Promissory Note and Deed of Trust. Accordingly, the court finds that all six of the exhibits are integral to the Complaint. Further, inasmuch as Plaintiff has not responded to the Motion, she has raised no challenge as to authenticity. Therefore, the court will consider all exhibits to the Motion.

---

[1] As noted, a motion for judgment on the pleadings under Rule 12(c) is assessed under the same standard applicable to a motion to dismiss under Rule 12(b)(6).

## II.     Securitization's Impact on Enforceability

The Complaint challenges Defendant's authority to enforce the terms of Plaintiff's mortgage loan, contending that "failure to produce proof of claim . . . means . . . no further claims can be made against [Plaintiff] or [her] property." (ECF No. 1-3, Second Request for Documentation and Proof of Claim.)  Defendant argues that Plaintiff has no basis for relief as a matter of law, because securitization does not render a mortgage loan unenforceable.[2]

"It is well-established, in this [c]ourt and others, that '[a]s a matter of law, securitization alone does not render a note or deed of trust unenforceable and does not alter a borrower's obligation to pay back his or her loan.'"  *Danso v. Ocwen Loan Servicing, LLC*, No. 16-1396-PX, 2016 WL 4437653, at *3 (D. Md. Aug. 23, 2016) (quoting *Howes v. Wells Fargo Bank, N.A.*, No. 14-2814-ELH, 2015 WL 5836924, at *26 (D. Md. Sept. 30, 2015)); *see also Harris v. Household Fin. Corp.*, No. 14-606-RWT, 2014 WL 3571981, at *2 (D. Md. July 18, 2014) ("[I]t is clear that the securitization process does not make negotiable instruments and deeds of trust unenforceable. This Court and others in the Fourth Circuit have consistently so held.").  To the contrary, securitization creates a separate contract distinct from a borrower's debt obligations under a promissory note and does not alter the rights or obligations of the parties' vis-à-vis the underlying debt.  *Danso*, 2016 WL 4437653, at *3 (citing *Reyes v. GMAC Mortgage LLC*, No. 2:11-CV-100 JCM RJJ, 2011 WL 1322775, at *3 (D. Nev. Apr. 5, 2011)).  Securitization is "not some sort of illicit scheme that taints the underlying debt." *Thompson v. Bank of Am., N.A.*, 773 F.3d 741, 749 (6th Cir. 2014).  Therefore, to the extent Plaintiff seeks to be released from her obligations under the Promissory Note based on the securitization of the mortgage, her claim fails as a matter of law.

---

[2] As the mortgage sub-servicer and Attorney-in-Fact for the servicer (JP Morgan Chase Bank, N.A.), Defendant is empowered to assert all rights and remedies available under the terms of the loan.  (ECF No. 6-1 at 4.)

6

**III.     Standing to Challenge Assignments of the Promissory Note and Deed of Trust**

Defendant argues that Plaintiff lacks standing to challenge assignments of the Note and the Deed of Trust. (ECF No. 6-1 at 5.)

Notably, both the Promissory Note and the Deed of Trust expressly permit assignment by the lender. Indeed, as set forth earlier, the Note provides: "I understand that the Lender may transfer this Note." (ECF No. 5-1.) Additionally, the Deed of Trust states: "The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the 'Loan Servicer') that collects Periodic Payments due under the Note and this Security Instrument . . . . There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note." (ECF No. 5-3 at 18.) Plaintiff acknowledged and agreed to both of these provisions by initial and/or signature on the Promissory Note and the Deed of Trust. (ECF No. 5-1; ECF No. 5-3.)

Additionally, Plaintiff was not a party to the assignment contracts and therefore does not have standing to challenge their validity. "In the consumer lending context, a party 'generally must assert [her] own legal rights and interests, and cannot rest [her] claim to relief on the legal rights or interests of third parties.'" *Danso*, 2016 WL 4437653, at \*4 (citing *Wolf v. Fed. Nat'l Mortgage Ass'n*, 512 F. App'x 336, 342 (4th Cir. 2013)). Thus, Plaintiff's request to be released from all claims against her fails on this ground.

**IV.     Right to Original "Wet Ink" Promissory Note**

Defendant argues that it is under no obligation to produce the original, "wet ink" Promissory Note, as Plaintiff demands. (ECF No. 6-1 at 6–7.)

Under Maryland law, "there is no recognizable claim to demand in an action brought by a borrower that the lender produce 'wet ink' signature documents." *Harris*, 2014 WL 3571981, at

*2; *accord Jones v. Bank of N.Y. Mellon*, No. 13-3005-DKC, 2014 WL 3778685, *4 (D. Md. July 29, 2014). Thus, Plaintiff's demand for the "Original Wet Ink Signature Promissory Note" is unsupported by law.

## CONCLUSION

For the reasons set forth herein, the Motion (ECF No. 6) will be granted and judgment will be entered in favor of Defendant and against Plaintiff.

A separate Order follows.

/S/

_____
Julie R. Rubin
United States District Judge

February 16, 2023